UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER M. MURPHY,

                       Appellant,

                                                      DECISION AND ORDER

              -vs-                                            10-CV-6628L

COUNTY OF CHEMUNG, et al.,

                       Appellees.
_____

       Christopher M. Murphy ("Murphy" or sometimes "the Debtor") filed a petition in 2006 initiating a Chapter 7 bankruptcy case. In that action, Murphy commenced an adversary proceeding against the County of Chemung and various officials of that municipality. In the course of that proceeding, Murphy filed a motion, *pro se*, to withdraw the adversary proceeding from the bankruptcy court pursuant to 28 U.S.C. § 157(d). This Court issued a decision and order (Dkt. #8) in 09-CV-6154 denying the motion.

       The matter then proceeded before United States Bankruptcy Judge John C. Ninfo, II. In that proceeding, Murphy advanced three causes of action: the first against Chemung County and some of its officials. He requested an order that the *in rem* tax foreclosure action against certain property located at 757 Linden Place, Elmira, New York (the "property") be deemed null and void due to the allegedly defective notice served on the Debtor and on one Wallace Williams, the alleged transferee of the property formerly owned by the Debtor. The second and third causes of action assert due process and equal protection claims under 42 U.S.C. § 1983 based on claims that on a certain day in August, 2006 representatives of the defendant County forced the Debtor from his property. The third cause of action describes the same event but claims a violation of Section 853 of the New York

Real Property Actions and Proceedings law. Thereafter, Murphy filed a motion to amend the complaint and the defendants cross-moved for summary judgment.

In a lengthy and thorough decision and order, dated September 30, 2010, Judge Ninfo granted defendants' cross-motion for summary judgment and dismissed the complaint in the adversary proceeding. He also denied the Debtor's motion to amend the complaint. It is that decision and order that is now on appeal before this Court.

After considering Judge Ninfo's decision, the papers filed on this appeal, and the entire record before the Bankruptcy Court, I affirm the bankruptcy judge's decision in all respects.

The standard of review is well established. Factual findings by the bankruptcy court are accepted unless clearly erroneous. Federal Rule of Bankruptcy Proceeding 8013. In reviewing a grant of summary judgment, however, a bankruptcy court's conclusions of law are reviewed *de novo*. This is so because determinations that there are no genuine issues of material fact constitute a legal conclusion. See *In Re Association of Graphic Communications, Inc.*, 2011 U.S. Dist. Lexis 35702 at *2 (S.D.N.Y. 2011).

Bankruptcy Judge Ninfo set forth in exhaustive detail the facts and the numerous proceedings that have occurred in this case. As the County suggests in its brief (Dkt. #11) at page 5, the remaining issue is "a rather straightforward and simple [one] involving only the second and third causes of action."

As to the first cause of action, as Judge Ninfo indicated in his decision at page 25, Murphy, in proceedings before the Bankruptcy Court, advised that he was no longer pursuing the first cause of action concerning the propriety of the *in rem* tax foreclosure proceeding. That claim had become moot, since subsequent to filing the adversary proceeding, the County conveyed the property subject to the tax foreclosure to Williams, who then reconveyed the property back to Murphy. Therefore, Murphy is again in possession of the property once subject to the *in rem* tax foreclosure proceeding.

Judge Ninfo found that there was no genuine issue of material fact as to the second and third causes of action, and that summary judgment in the County's favor was warranted. I agree with

Judge Ninfo's determination that Murphy had failed to establish any genuine issue of material facts relating to either the second or third cause of action. Murphy appears to rely on mere conclusions and allegations in the complaint, without providing reference to any facts or evidence that would support either cause of action. Defendants have set forth in their papers and accompanying exhibits all matters relevant to the issues surrounding Murphy's alleged removal from the property. Judge Ninfo concluded that no material facts existed to warrant a further proceeding and that Murphy's claims are based largely on speculation, surmise and conjecture and merit no further consideration by this Court.

In addition, for the reasons stated by Judge Ninfo, I find that the Debtor's motion to amend was also properly denied.

## CONCLUSION

The decision and order of United States Bankruptcy Judge John C. Ninfo, II, dated September 30, 2010 in bankruptcy case 06-21371 is in all respects AFFIRMED and the complaint in the adversary proceeding in that case is hereby dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 17, 2011.